IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DERRICK HEARD,<br>310 Anacostia Road SE, Apartment A11<br>Washington, D.C. 20019<br>(202) 476-9633<br><br>　　　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>UNITED HEALTHCARE/OPTUM HEALTH<br>10175 Little Patuxent Parkway, 6th Floor<br>Columbia, MD 20144<br><br>DEPARTMENT OF HEALTH CARE<br>FINANCE/OFFICE OF SENIOR DEPUTY<br>DIRECTOR/MEDICAID DIRECTOR<br>441 4th Street, NW, 900S<br>Washington, D.C. 20001<br><br>　　　　　　　　　　　　*Defendants*. | Civil Case No. 1:24-cv-108 |

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b)**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT UnitedHealthcare of the Mid-Atlantic, Inc. ("United"),[1]

by and through undersigned counsel files this notice removing Superior Court of the District of

---

[1] Plaintiff's Complaint incorrectly identifies as a defendant an entity that does not exist: "United Healthcare/Optum Health." Plaintiff purports to bring this action on behalf of his now deceased mother. Plaintiff's mother, Yvonne Settles, was a member of the UnitedHealthcare® Dual Choice and UnitedHealthcare® Dual Choice Unity health plans, which offer healthcare benefits to District of Columbia residents who are eligible for both Medicare and Medicaid. The United corporate entity that is party to the contract with the District of Columbia Department of Health Care Finance is UnitedHealthcare of the Mid-Atlantic, Inc. United believes this is the United entity Plaintiff intended to identify. Accordingly, we respond on behalf of UnitedHealthcare of the Mid-Atlantic, Inc. There are numerous Optum affiliates that have corporate relationship to United. United remains unclear as to which Optum entity Plaintiff intended to identify, if any.

1

Columbia Case No. 2023-CAB-007621 to the United States District Court for the District of Columbia, with full reservation of any and all defenses and objections. In support of this notice, United respectfully submits as follows:

I. **BACKGROUND**

1. Plaintiff Derrick Heard ("Plaintiff") filed a civil action on December 18, 2023 in the Superior Court of the District of Columbia seeking "punitive compensations + punishment" against "United Healthcare/Optum Health" and "Department of Health Care Finance/Office of Senior Deputy Director/Medicaid Director."[2] *See generally* Ex. A, Process, Pleading, and Initial Order at 1–3.

2. Plaintiff purports to bring either a breach of contract or a negligence claim—it is unclear which—against United, District of Columbia Department of Health Care Finance ("DHCF"), and potentially an unidentified Optum entity on the basis that the conduct of these parties contributed to the death of his mother, Yvonne Settles. *See id.*; *see generally* Ex. B, Complaint Description.

II. **JURISDICTIONAL BASIS FOR REMOVAL**

   A. **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS AMONG PROPERLY JOINED & SERVED PARTIES**

3. For individuals, citizenship for diversity jurisdiction is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

---

As such, United does not consider any Optum entity to have been properly joined and served to this action.
[2] United believes that Plaintiff intended to identify the District of Columbia Department of Health Care Finance.

4. Plaintiff identified his address is his Complaint as 310 Anacostia Road SE, Washington, D.C. 20019. He is, therefore, domiciled in and a citizen of the District of Columbia.

5. United is a corporation incorporated in Maryland with its principal place of business in Maryland. United, therefore, is a citizen of Maryland. *See* 28 U.S.C. § 1332(c)(1).

6. As explained in footnote 1, *supra*, United does not consider any Optum entity to have been properly joined and served to this action. Therefore, the citizenship of whichever Optum entity Plaintiff intended to identify is irrelevant to the analysis of whether complete diversity of citizenship exists for the purpose of removal. *See* 28 U.S.C. § 1441(b)(2).

7. DHCF is a citizen of the District of Columbia. Upon information and belief, Plaintiff has not properly served DHCF. Thus, the citizenship of DHCF is irrelevant to the analysis of whether complete diversity of citizenship exists for the purpose of removal. *See id*.

8. If DHCF had been properly served, its status as a "forum-defendant" would preclude removal. "[28 U.S.C.] § 1441(b)(2)[, however] operates to permit an out-of-state defendant to remove a diversity case when the in-state defendant has not been served. As written, the plain language of this statutory provision only bars removal when a forum-defendant has been properly joined and served. Absent such joinder and service on a forum-defendant, as here, the statutory bar on removal in § 1441(b)(2) simply does not apply." *Doe v. Daversa Partners*, No. 20-CV-3759 (BAH), 2021 WL 736734, *3 (D.D.C. Feb. 25, 2021). Because DHCF has not yet been properly served, a "[s]nap removal is permissible under 28 U.S.C. § 1441(b)(2)." *Id*.

9.   Accordingly, complete diversity of citizenship exists between Plaintiff and United, the only defendant that has been properly joined and served.³

B.   **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10.   "The default rule governing the amount-in-controversy requirement is that 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith' . . . For a court to reject the amount claimed by the plaintiff, '[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount' . . . Even a 'cursory' allegation of the amount in controversy, if it exceeds the jurisdictional requirement, is sufficient to evade dismissal." *Info. Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 140 (D.D.C. 2014) (citations omitted).

11.   Plaintiff seeks "punitive compensations + punishment" in the amount of $20,196,770.69.  *See* Ex. A at 1.

12.   A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

13.   Although United denies that Plaintiff is entitled to any damages whatsoever, the amount-in-controversy requirement is satisfied in this case.  Plaintiff seeks "punitive compensations + punishment" in the amount of $20,196,770.69.

---

³ United notes that the Plaintiff also did not properly serve United but that, for purposes of this Notice, it assumes that Plaintiff was attempting to serve UnitedHealthcare of the Mid-Atlantic, Inc.

14. United thus avers removal is proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and cost. 28 U.S.C. §§ 1332(a)(1), 1441(a).

## III. PROCEDURAL ELEMENTS

15. A notice of removal must be filed within thirty days after the formal service of original process on a defendant. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

16. United was served on December 22, 2023. Therefore, removal is timely because this notice is filed within thirty days of service of process on United.

17. This action is properly removed to the United States District Court for the District of Columbia because Plaintiff's Complaint was originally filed in the Superior Court of the District of Columbia, which lies geographically within this judicial district. *See* 28 U.S.C. § 113(c), 1441(a).

18. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined *and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis supplied).

19. There are either two or three Defendants identified in the Complaint. As explained in Paragraphs 6–8, *supra*, United is the only entity that has been properly joined and served in this matter. Thus, United need not obtain consent from DHCF or the unidentified Optum entity for removal. Accordingly, all procedural requirements for removal have been satisfied.

20. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon United are attached hereto as Exhibit A.

21. United is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff and filed with the Clerk of the Superior Court of the District of Columbia.

23. No previous application has been made for the relief requested herein.

24. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is an action between properly joined and served citizens of different states.

**IV.   Reservation and Request for Oral Argument**

25. If any question arises as to the propriety of the removal of this action, United respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

26. Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of United's ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, Defendant UnitedHealthcare of the Mid-Atlantic, Inc. respectfully requests that this Honorable Court exercise jurisdiction over the claims asserted against United

and take any other action necessary to effectuate the removal of this action to the United States District Court for the District of Columbia.

Respectfully submitted,

*/s/ Christopher Flynn*
Christopher Flynn (D.C. Bar No. 446235)
Savanna B. Williams (D.C. Bar No. 90004338)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: 202.624.2863
Facsimile: 202.628.5116
E-Mails: rrosenberg@crowell.com
sbwilliams@crowell.com

Dated: January 11, 2024     *Counsel for UnitedHealthcare of the Mid-Atlantic, Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 11th day of January 2024, I electronically filed the foregoing Notice of Removal using the Court's CM/ECF system.  Notice of this filing will be sent by that system to counsel who have obtained CM/ECF passwords.  I have also caused true and correct copies of the foregoing Notice of Removal to be sent by first-class mail, postage prepaid to:

Derrick Heard
*Pro Se*
310 Anacostia Road Southeast
Apartment A11
Washington, D.C. 20019
Telephone:	(202) 476-9633
E-Mail:	derrickheard863@yahoo.com

                                          */s/ Christopher Flynn*
                                          Christopher Flynn