UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**DERRICK HEARD**,

    Plaintiff,

  v.

**UNITED HEALTHCARE/OPTUM HEALTH**, *et al.,*

    Defendants.

Civil Action No. 24-cv-00108 (TSC)

**MEMORANDUM OPINION & ORDER**

Plaintiff Derrick Heard, proceeding *pro se*, sues Defendants United Healthcare/Optum Health and the Department of Health Care Finance/Office of Senior Deputy Director/Medicaid Director for negligence and breach of contract in connection with his deceased mother's medical care. The named Defendants do not exist, but UnitedHealthcare of the Mid-Atlantic, Inc. ("United") provided healthcare benefits to Heard's mother, Yvonne Settles. Notice of Removal at 1 n.1, ECF No. 1. United believes it is the entity that Heard intended to sue and moves to dismiss. *Id.*; Def.'s Mem. in Supp. of Renewed Mot. to Dismiss, ECF No. 13 ("Def.'s Renewed MTD"). Heard opposes and asks for leave to amend his Complaint and Summons.[1] *See* Pl.'s Mot. to Amend, ECF No. 14; Pl.'s Opp'n to Def.'s Renewed Mot. to Dismiss, ECF No. 15 ("Pl.'s Renewed Opp'n"). For the reasons set forth below, the court GRANTS United's motion and DENIES Heard's motion.

---

[1] Heard seeks to remove Optum Health as a defendant and serve a summons on the District of Columbia Department of Health Care Finances. Pl.'s Mot. to Amend at 2, ECF. No. 14; Compl. Description at 3, ECF No. 1-2.

#### I.     BACKGROUND

Heard's mother, Yvonne Settles, received Medicare and Medicaid benefits through United's Dual Choice Unity Plan. Pl.'s Renewed Opp'n – Ex. 2, ECF 14-1. Heard alleges that, on August 24, 2023, "a representative from Liberty Healthcare Corporation, Long Term Care Services and Supports (LTCSS) Contractor for the District of Columbia Department of Health Care Finance (DHCF)" assessed his mother and issued a "Level of Care (LOC) Assessment." Compl. Description at 2–3, ECF No. 1-2. The LOC Assessment determined that Settles "met the nursing facility level of care" and required a personal care assistant. *Id.* United should have received the LOC Assessment via DC Care Connect, a web-based system used to coordinate care and communicate with providers. *Id.* at 4. Heard contacted United regarding the personal care assistant, but United "claimed that they did not receive the LOC Assessment." *Id.* Heard alleges that because United failed to provide a personal care assistant, his mother suffered "a lapse in medical care" from August 23, 2023 through September 17, 2023, which contributed to her worsening condition and led to her death on October 15, 2023. *Id.* at 4, 7–8.

On December 18, 2023, Heard filed an action in the Superior Court of the District of Columbia against "United Healthcare/Optum Health" and the "Department of Health Care Finance/Office of Senior Deputy Director/Medicaid Director," alleging negligence and breach of contract in connection with his mother's medical care. Compl. at 1–4, ECF No. 1-1. He requests approximately $20 million in compensatory and punitive damages. *Id*. at 1. On January 11, 2024, United removed the action to this court, pursuant to 28 U.S.C. § 1441(b), based on diversity of citizenship between the parties and an amount in controversy greater than $75,000. Notice of Removal at 2–4. Heard lives in Washington, D.C., and United is incorporated and has its principal place of business in Maryland. *Id.* at 2–5.

United then moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(4) for insufficient process, Rule 12(b)(5) for insufficient service of process, and Rule 12(b)(6) for failure to state a claim. Def.'s Mot. to Dismiss at 1, ECF No. 6. Heard filed an opposition, ECF No. 9, but the court instructed Heard to refile it after entering an order advising him of the consequences of failing to respond to a dispositive motion, or any arguments raised therein, and his obligation to follow the Federal Rules of Civil Procedure, the Local Rules of this court, and all court orders. Fox/Neal Order at 1–2, ECF No. 11. Heard failed to refile his opposition, so United renewed its motion to dismiss. ECF No. 12. On July 16, 2024, the court ordered Heard to show cause why the case should not be dismissed for failure to prosecute. July 16, 2024 Min. Order. Heard filed his opposition, ECF No. 15, and a motion to amend his Complaint and Summons, ECF No. 14.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *See Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004). The law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1951)). When deciding a Rule 12(b)(1) motion, the court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting *Thomas v. Principi*, 394 F.3d 970 (D.C. Cir. 2005)). "[T]he court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). The court may also consider documents "incorporate[ed] by reference" and "integral to [] plaintiff's claim." *Banneker*

*Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015) (citing *Kaempe v. Meyers*, 367 F.3d 958, 965 (D.C. Cir. 2004)).  Courts "construe *pro se* filings liberally."  *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

### III.   ANALYSIS

#### A. Dismissal for lack of standing under Rule 12(b)(1)

Article III of the Constitution confines federal judicial power to the resolution of "Cases" and "Controversies."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021) (citing *Raines v. Byrd*, 521 U.S. 811, 819–20 (1997)).  For there to be a case or controversy under Article III, the plaintiff must have "personal stake" in the case—in other words, standing.  *Raines*, 521 U.S. 811 at 819.  Standing is a necessary predicate to any exercise of federal jurisdiction and, when it is lacking, the court lacks jurisdiction.  *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 131 (2011); *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012).  To establish standing, a plaintiff must allege (1) an "injury in fact," which is "concrete and particularized" and "actual or imminent," (2) that is traceable to the challenged action, and (3) that is likely to be redressable by the court.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  "Ordinarily, a party 'must assert his own legal rights'" when alleging an injury in fact and cannot assert the legal rights of third parties.  *Sessions v. Morales-Santana*, 582 U.S. 47, 57 (2017) (quoting *Warth v. Seldin,* 422 U.S. 490, 499 (1975)); *see, e.g.*, *Muthana v. Pompeo*, 985 F.3d 893, 901 (D.C. Cir. 2021).  Courts recognize a narrow exception when "the party asserting the right has a close relationship with the person who possesses the right [and] there is a hindrance to the possessor's ability to protect his own interests."  *Sessions*, 582 U.S. at 57 (citation omitted).  And, "[f]or obvious reasons, it has long been recognized that the surviving claims of a decedent must be pursued by a third party."  *Hodel v. Irving*, 481 U.S. 704, 711 (1987); *see also* Fed. R. Civ. P. 17(a).

When a defendant's conduct allegedly results in an individual's death, the legal representative of the decedent has standing to recover losses suffered by the decedent's next of kin under the wrongful death statute, D.C. Code §§ 16-2701, 2702, or to assert tort claims that the decedent could have pursued if she survived under the survivor statute, D.C. Code. § 12-101. *See, e.g.*, *Casey v. McDonald's Corp.*, 880 F.3d 564, 570 (D.C. Cir. 2018).  Claims filed on behalf of an estate "must be brought by the designated personal representative," which "is strictly construed under D.C. law to mean only the decedent's executor or administrator." *Upshaw v. Progressive Ins. Co.*, 292 F. Supp. 3d 205, 209 (D.D.C. 2017) (quoting *Est. of Manook v. Rsch Triangle Inst., Int'l & Unity Res. Grp., LLC*, 693 F. Supp. 2d 4, 17 (D.D.C. 2010)); *see also Henson v. W.H. Trice & Co.*, 466 F. Supp. 2d 187, 192 (D.D.C. 2006) ("Under the applicable statutes, claims must be brought by a representative of the decedent's estate.").  Under D.C. Code § 20-101, a personal representative must be "appointed by the Court to administer the estate of a decedent." D.C. Code § 20-101(j).  In the District of Columbia, such appointments are made by the Probate Division of the Superior Court of the District of Columbia. *Id.* § 20-101(b), (j).

Because Heard is not the personal representative of his mother's estate, he lacks standing to bring the claims raised here.  Heard concedes that he has not been duly appointed as the personal representative of his mother's estate.  Pl.'s Mot. to Amend at 1, 6 (seeking to be granted "authorized representation" and requesting a grant of legal authority to represent his mother). Rather, Heard sues in his individual capacity, but asserts claims based on his mother's legal rights and injuries. *See* Compl. at 1.  The ability to vindicate the rights of a decedent "is conferred upon only one person, the personal representative, to the exclusion of all others." *Est. of Manook*, 693

F. Supp. 2d at 17.  Heard therefore lacks standing and this action must be dismissed for lack of subject matter jurisdiction.[2]

B. **Leave to Amend**

Heard requests leave to amend his Complaint and to issue a summons to D.C.'s Department of Health Care Finances.  Pl.'s Mot. to Amend at 1–3.  Heard provides no authority for this request, nor does he comply with Local Rule 7(i) of the U.S. District Court for the District of Columbia on seeking leave to amend a complaint.  Although "courts freely grant *pro se* litigants leave to amend" pleadings, leave to amend may be denied on the grounds of futility.  *Richardson*, 193 F.3d at 548 (citation omitted).  Given Heard's lack of standing, any amendment of the Complaint at this juncture would be futile.  Accordingly, Heard's motion to amend will be denied.  If Heard remedies his standing defects, he may seek leave to file an amended complaint in compliance with the Federal Rules of Civil Procedure and the Local Rules of this court.

## ORDER

For the reasons set forth above, it is hereby ORDERED that United's Motion to Dismiss, ECF No. 12, is GRANTED, and Heard's Motion for Leave to Amend, ECF No. 14, is DENIED.

Date: March 28, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[2] In light of the court's decision on standing, it need not address United's motion to dismiss for insufficient process, insufficient service of process, or failure to state a claim under Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6).